IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-103-F

| | |
|---|---|
| VIRGINIUS R. PHIPPS, | )<br>) |
| Plaintiff, | )<br>) ORDER AND |
| v. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| | ) |
| BENJAMIN L. GRADY, DALE FAIRCLOTH, | ) |
| STRATTON F. STOKES, C. L. JOHNSON, | ) |
| BLAKE WALLACE, THE DUPLIN COUNTY | ) |
| NORTH CAROLINA SHERIFF'S OFFICE, and | ) |
| DUPLIN COUNTY, NORTH CAROLINA, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of Plaintiff Virginius R. Phipps' ("Plaintiff") application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed for the reasons stated below.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, asserts claims pursuant to 42 U.S.C. § 1983 and state law, against Defendants Benjamin L. Grady, Dale Faircloth, Stratton F. Stokes, C.L. Johnson, Blake Wallace, the Duplin County North Carolina Sheriff's Office, and Duplin County, North Carolina stemming from allegations of trespass to land by Grady against Plaintiff. Plaintiff alleges that on October 24, 2009, Grady informed Stokes and Faircloth that Plaintiff was trespassing on Grady's

Warren Road property and injured farmland and timber. Compl. [DE-1-1] ¶¶ 11-13. Based on that information, Stokes and Faircloth obtained an arrest warrant for Plaintiff from a Duplin County Magistrate. *Id.* ¶ 14. The warrant was served on Plaintiff on December 14, 2009, and Plaintiff spent several hours being processed before being released on bond. *Id.* ¶ 16. Plaintiff's truck and personal property including tools therein were also seized and this property has not been returned to Plaintiff. *Id.* ¶¶ 17-18. Plaintiff, a self-employed welder, appeared in court numerous times, missed work opportunities, and his reputation in the community was injured. *Id.* ¶ 20. The warrant was dismissed on September 27, 2012. *Id.* ¶ 19.

On April 27 and 30, 2011, Grady made allegations of trespass against Plaintiff to Johnson and Stokes, who obtained arrest warrants from a magistrate. *Id.* ¶¶ 21-23. On April 30, 2011, Plaintiff was arrested and held on two $50,000.00 cash bonds, which were subsequently reduced, and on May 18, 2011, after being held for 19 days, Plaintiff posted a $5,000.00 bond. *Id.* ¶¶ 24-27. On November 28, 2011, Plaintiff was tried and the charges were dismissed. *Id.* 28.

Plaintiff alleges that the actions of Defendants Faircloth, Stokes, Johnson, Wallace, the Sheriff's Office, and Duplin County subjected him to unreasonable search and seizure in violation of his Fourth and Fourteenth Amendment rights. *Id.* ¶¶ 29-33. Plaintiff alleges that the actions of Grady constitute malicious prosecution. *Id.* ¶¶ 34-40. Plaintiff seeks return of his personal property, an injunction preventing Grady from coming onto Plaintiff's property and from bringing any proceedings against Plaintiff related to Grady's Warren Road property, compensatory and punitive damages, and costs and attorney's fees. *Id.* at 6.

## II. LEGAL STANDARD

After allowing an application to proceed *in forma pauperis*, the court must still review the

allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citations omitted). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of*

3

*Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Plaintiff asserts a § 1983 claim against Defendants Faircloth, Stokes, Johnson, Wallace, the Sheriff's Office, and Duplin County based on an alleged unreasonable search and seizure in violation of Plaintiff's Fourth and Fourteenth Amendment rights. Compl. [DE-1-1] ¶¶ 29-33. Section 1983 provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983. "There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's 'most analogous' statute of

4

limitations, generally the statute applicable to personal injury actions." *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. June 2, 2004) (unpublished) (citing *Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). "However, the date the cause of action accrues is determined under federal law." *Id.* (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991)). "In North Carolina, the statute of limitations for actions under 42 U.S.C. 1983 (2000) is three years." *Id.* (citing *Love v. Alamance Cnty. Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985)). "Under federal law, a cause of action accrues and the statute of limitations commences 'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Id.* (citing *Nasim*, 64 F.3d at 955). The court may raise a statute of limitations defense *sua sponte* when a complaint is filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim*, 64 F.3d at 953-54).

The alleged unconstitutional search and seizures upon which Plaintiff's § 1983 claim is based occurred first on December 14, 2009, when his property and person were seized, and again during the period from April 30, 2011, when Plaintiff was arrested and incarcerated. Compl. [DE-1-] ¶¶ 16-17, 24-27. A cause of action for unlawful search or seizure accrues on the date of the search or seizure. *See Myers v. AT&T, Inc.*, No. 5:12-CV-714-BO, 2014 WL 6851642, at *5 (E.D.N.C. Dec. 2, 2014) (unpublished) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182-83 (4th Cir. 1996) (cause of action for warrantless arrest or detention accrues on date of seizure); *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981) (cause of action for illegal search accrues on date of search)); *Spencer v. Town of Chapel Hill*, 290 F. Supp. 2d 655, 659 (M.D.N.C. 2003) (applicable statute of limitations for § 1983 claim based on unreasonable search and seizure was three years from

the date of the vehicle stop). Plaintiff filed this action on May 14, 2015, more than five years after the first alleged search and seizure, more than four years after the second alleged seizure, and more than a year after the statute of limitations had run as to both incidents. Compl. [DE-1-1] ¶¶ 16-17, 24.

Furthermore, there are no facts alleged in the complaint that would support equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling has generally been applied where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time" and is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). In finding the application of equitable tolling unwarranted, the court has considered that Plaintiff, represented by counsel, filed a prior suit against these Defendants based on the same allegations and asserting the same claims as in this action, from which Plaintiff took a voluntary dismissal without prejudice. *See Phipps v. Grady*, No. 7:13-CV-95-BO [DE-23] (E.D.N.C. May 14, 2014). In moving for voluntary dismissal of the prior action, Plaintiff specifically cited his inability to obtain valid service of process on several defendants and his desire to cure that defect by dismissing the suit and refiling within the appropriate time and statute of limitations. *Id.* at 1 & [DE-22]. Plaintiff failed to refile his action within the statute of limitations and the prior action provides no basis for tolling. *See Davis v. Castelloe*, No. 5:10-CR-3102-D, 2013 WL 943134, at *4 (E.D.N.C. Mar. 11, 2013) (unpublished) ("a prior section 1983 action dismissed by the court without prejudice pursuant to section 1915(g) does not toll the statute of limitations") (citations omitted). Thus, Plaintiff's § 1983 claim is time-

6

Case 7:15-cv-00103-F   Document 3   Filed 06/09/15   Page 6 of 8

barred by the three-year statute of limitations, and it is recommended the claim be dismissed for lack of jurisdiction.

Plaintiff also asserts a claim for malicious prosecution against Defendant Grady invoking the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Compl. [DE1-1] ¶¶ 10, 34-40. Where it is recommended that Plaintiff's sole federal claim pursuant to § 1983 be dismissed, the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for malicious prosecution. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Thus, to further the interests of judicial economy and comity, it is recommended that Plaintiff's state law malicious prosecution claim be dismissed for lack of jurisdiction.[1]

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's complaint be DISMISSED for lack of

---

[1] The saving provision of 28 U.S.C. § 1367(d) grants a plaintiff a period of 30 days after dismissal to refile in state court. *Radcliffe v. Avenel Homeowners Ass'n, Inc.*, No. 7:07-CV-48-F, 2013 WL 556380, at *1 (E.D.N.C. Feb. 12, 2013) (unpublished); *Estate of Manook v. Research Triangle Inst., Int'l*, 759 F. Supp. 2d 674, 681 (E.D.N.C. 2010).

7

jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the **9** day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

8

Case 7:15-cv-00103-F   Document 3   Filed 06/09/15   Page 8 of 8