IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00103-F

| | |
|---|---|
| VIRGINIUS R. PHIPPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BENJAMIN L. GRADY, DALE ) | |
| FAIRCLOTH, STRATTON F. STOKES, ) | |
| C.L. JOHNSON, BLAKE WALLACE, THE ) | |
| DUPLIN COUNTY NORTH CAROLINA ) | |
| SHERIFF'S OFFICE, and DUPLIN ) | |
| COUNTY, NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R") [DE-3] issued by United States Magistrate Judge Robert B. Jones, Jr. Therein, Judge Jones recommends that *pro se* Plaintiff Virginius R. Phipps's Complaint [DE-4] be dismissed. Phipps has filed an Objection [DE-5] to the M&R. For the reasons stated below, the court declines to adopt the M&R.

I.  FACTUAL AND PROCEDURAL HISTORY

Phipps's complaint alleges unconstitutional seizures of his person and property occurring on December 14, 2009, and April 30, 2011, by Defendants Faircloth, Stokes, Johnson, Wallace, the Duplin County Sheriff's Department, and Duplin County. The allegedly unconstitutional seizures arose from allegations of trespass to land by Defendant Grady against Phipps. Compl. [DE-4] ¶¶ 11–13, 21–22. According to Phipps, on October 24, 2009, Defendant Grady reported to Defendants Stokes and Faircloth that Phipps had trespassed on Grady's land, injuring

farmland and timber. *Id.* ¶¶ 12-13. Stokes and Faircloth obtained an arrest warrant and served it on Phipps on December 14, 2009. *Id.* ¶ 16. Phipps spent several hours in jail before being released on bond, and his truck and other personal property were seized. *Id.* ¶¶ 16-17. Phipps reports that he appeared in court numerous times, missed work opportunities, and suffered reputational damage as a result. *Id.* ¶ 20. The warrant was dismissed on September 27, 2012. *Id.* ¶ 19.

On April 27 and 30, 2011, Grady again alleged trespass by Phipps. *Id.* ¶¶ 21-22. Defendants Johnson and Stokes obtained arrest warrants. *Id.* ¶ 23. On April 30, 2011, Phipps was arrested. *Id.* ¶ 24. He was held for 19 days before being released on a $5,000.00 bond. *Id.* ¶¶ 26-27. The charges against Phipps were dismissed on November 28, 2011. *Id.* ¶ 28.

Phipps alleges that Grady's actions constitute malicious prosecution and that the actions of the other defendants violated his Fourth and Fourteenth Amendment rights. *Id.* ¶¶ 32-33, 39. On May 9, 2013, Phipps filed a complaint in this district identical to the instant action. *See Phipps v. Grady*, No. 7:13-CV-95-BO (E.D.N.C. May 14, 2014). That complaint was voluntarily dismissed on May 14, 2014. *Id.*

Phipps commenced this action on May 14, 2015, by filing a Motion to Proceed *In Forma Pauperis* ("IFP Application") [DE-1]. On June 6, 2015, Judge Jones granted Phipps's IFP Application but recommended that the court dismiss Phipps's § 1983 claims as untimely and decline to exercise its supplemental jurisdiction over the remaining state law claim. M&R [DE-4] at 7. Phipps timely objected to the M&R.

## II.  STANDARD OF REVIEW

A district court may "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### III. DISCUSSION

In the M&R, Judge Jones observes that Phipps asserts claims pursuant to 42 U.S.C. § 1983 and state law arising out of Defendant Grady's allegations that Phipps trespassed on Grady's land. Judge Jones recognized that § 1983 does not contain a statute of limitations, and that federal courts instead apply "the forum state's 'most analogous' statute of limitations, generally the statute applicable to personal injury actions," and that in North Carolina, that statute of limitations is three years. M&R [DE-3] at 4–5 (quoting *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. 2004) (unpublished)). Judge Jones also observed that the accrual of an action is governed by federal law, and an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* at 5 (quoting *Fayemi*, 99 F. App'x at 481).

Judge Jones noted that "[t]he alleged unconstitutional search and seizures upon which Phipps's § 1983 claim is based occurred first on December 14, 2009, when his property and person were seized, and again during the period from April 30, 2011, when Phipps was arrested and incarcerated." *Id.* Because a cause of action for unlawful search and seizure accrues on the date of the search and seizure, Judge Jones determined that Phipps's § 1983 claims were untimely. *Id.* at 6 (noting that Phipps "filed this action on May 14, 2015, more than five years after the first alleged search and seizure, more than four years after the second alleged seizure, and more than a year after the statute of limitations had run as to both incidents"). Judge Jones

further observed that there are no facts alleged in the Complaint that would support equitable tolling of the statute of limitations. *Id.* Judge Jones specifically took into account that Phipps, then represented by counsel, had "filed a prior suit against these Defendants based on the same allegations and asserting the same claims as in this action, from which [he] took a voluntary dismissal without prejudice . . . . [because of] his inability to obtain valid service of process on several defendants and his desire to cure that defect by dismissing the suit and refiling within the appropriate time and statute of limitations." *Id.* (citing *Phipps v. Grady*, No. 7:13-CV-95-BO). Accordingly, Judge Jones recommended that Phipps's § 1983 claim be dismissed as time barred. Judge Jones also recommended that the court decline to exercise supplemental jurisdiction over Phipps's state-law claim for malicious prosecution.

Phipps has objected to Judge Jones's recommendation, contending that (1) he could not assess the damages caused by the unconstitutional seizure of his property until the property was returned to him on October 21, 2013, and (2) equitable tolling is appropriate because his counsel in his prior action did not help him acquire new counsel, forcing Phipps to proceed *pro se*.

As to Phipps's first argument, the court reiterates that under federal law, "the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). Although Phipps's estimation of damages may have changed over time, it cannot be disputed that he knew of the injuries giving rise to his § 1983 claim—the seizure of his person and his property—first on December 14, 2009, when his property and person were seized, and again on April 30, 2011, when he was arrested and incarcerated. Judge Jones correctly calculated the statute of limitations on these actions.

The court notes, however, that the M&R does not discuss the applicability to Phipps's case of the savings provision found in Rule 41(a) of the North Carolina Rules of Civil Procedure. Where the statute of limitations for a particular cause of action is provided by analogous state law, state tolling provisions also apply. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). Under North Carolina's Rule 41(a) savings provision, a plaintiff may refile a claim within one year of the date of a voluntary dismissal. In some cases, this will have the effect of tolling the applicable statute of limitations.

Here, Phipps refiled his claims exactly one year after taking a voluntary dismissal. Thus, under Rule 41(a), Phipps's claims will be deemed timely to the extent they were timely when originally filed on May 14, 2013. Based on a three-year statute of limitations, therefore, any claims accruing prior to May 14, 2010 will be deemed untimely. Accordingly, Phipps's claim as it relates to the December 14, 2009 incident is time barred. Phipps may proceed, however, with his claim as it relates to the April 30, 2011 incident. The court notes that Defendant Faircloth is implicated in only the December 14, 2009 incident, and as such, he will be dismissed from the case.

Phipps further argues that the statute of limitations should be tolled because he was forced to proceed *pro se* following his voluntary dismissal, causing hardship. This argument is unavailing. Phipps's *pro se* complaint with regard to the December 14, 2009 incident is untimely now because it was untimely when originally filed—by counsel—on May 14, 2013. Phipps's *pro se* status, including any difficulty he may have experienced in attempting to secure representation after his voluntary dismissal, could have no effect on this issue.

## IV.  CONCLUSION

For the foregoing reasons, the court respectfully declines to adopt the M&R. All claims against Defendant Faircloth are DISMISSED. As to all other defendants, this action may proceed with regard to Plaintiff's § 1983 claim arising from the April 30, 2011 incident, while any claims arising from the December 14, 2009 incident are DISMISSED. As to Phipps's malicious prosecution claim against Defendant Grady, this action may proceed under the court's supplemental jurisdiction, to the extent that it arises from the April 30, 2011 incident. The Clerk of Court is DIRECTED to issue the summonses prepared by Plaintiff. The United States Marshal is DIRECTED to serve the summonses and a copy of the complaint on Defendants.

SO ORDERED.

This the 8 day of December, 2015.

JAMES C. FOX
Senior United States District Judge