IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00103-F

| | |
|---|---|
| VIRGINIUS R. PHIPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| BENJAMIN L. GRADY, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the motion to stay discovery of Defendants C. L. Johnson, the entity named as the Duplin County North Carolina Sheriff's Office, and Duplin County, North Carolina (collectively "Defendants") pending resolution of Defendants' motion to dismiss [DE-27] filed on January 26, 2016. [DE-31]. Defendant Benjamin L. Grady consents to the motion, *id.* at 2, and Plaintiff filed no response.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until the court's resolution of pending dispositive motions. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (unpublished); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007) (unpublished). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular

defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley*, 270 F. Supp. 2d at 735).

Here, Defendants have demonstrated good cause for their request to stay discovery pending resolution of Defendants' motion to dismiss, where the motion has the potential to terminate all claims against these Defendants and the motion raises legal issues amenable to resolution without discovery. Accordingly, (1) discovery in this matter is STAYED pending the court's ruling on Defendants' motion to dismiss; and (2) within 14 days following the court's ruling on the motion to dismiss the parties shall conduct the Rule 26(f) conference and file a proposed discovery plan within 7 days thereof.

SO ORDERED, the 23 day of February 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

2