IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00103-F

VIRGINIUS R. PHIPPS, )
 )
    Plaintiff, )
 )
v. ) **ORDER**
 )
BENJAMIN L. GRADY, DALE )
FAIRCLOTH, STRATTON F. STOKES, )
C.L. JOHNSON, BLAKE WALLACE, THE )
DUPLIN COUNTY NORTH CAROLINA )
SHERIFF'S OFFICE, and DUPLIN )
COUNTY, NORTH CAROLINA, )
 )
    Defendants. )

This matter is before the court on Defendants Duplin County, North Carolina, C.L. Johnson, and Duplin County North Carolina Sheriff's Office's motion [DE-27] to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Virginius R. Phipps has responded in opposition, [DE-37][1] and the matter is now ripe for adjudication.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Phipps alleges unconstitutional seizures of his person and property by Defendants Faircloth, Stokes, Johnson, Wallace, the Duplin County Sheriff's Department, and Duplin County. The seizures arose from allegations of trespass to land by Defendant Grady against Phipps. Compl. [DE-4] ¶¶ 11–13, 21–22. According to Phipps, on October 24, 2009, Defendant Grady reported to Defendants Stokes and Faircloth that Phipps had trespassed on

---

[1] Plaintiff's document, filed at docket entry 37, is styled as a "Motion to Deny Defendants Dismissal Motion and Move into Discovery." The court construes this document as a response in opposition to Defendants' motion to dismiss.

Grady's land, injuring farmland and timber. *Id.* ¶¶ 12–13. Stokes and Faircloth obtained an arrest warrant and served it on Phipps on December 14, 2009. *Id.* ¶ 16. Phipps spent several hours in jail before being released on bond, and his truck and other personal property were seized. *Id.* ¶¶ 16–17. Phipps reports that he appeared in court numerous times, missed work opportunities, and suffered reputational damage as a result. *Id.* ¶ 20. The warrant was dismissed on September 27, 2012. *Id.* ¶ 19.

On April 27 and 30, 2011, Grady again alleged trespass by Phipps. *Id.* ¶¶ 21–22. Defendants Johnson and Stokes obtained arrest warrants. *Id.* ¶ 23. On April 30, 2011, Phipps was arrested. *Id.* ¶ 24. He was held for 19 days before being released on a $5,000.00 bond. *Id.* ¶¶ 26–27. The charges against Phipps were dismissed on November 28, 2011. *Id.* ¶ 28.

Phipps alleges that Grady's actions constitute malicious prosecution and that the actions of the other defendants violated his Fourth and Fourteenth Amendment rights. *Id.* ¶¶ 32–33, 39.

Defendants Duplin County Sheriff's Office, Duplin County, and Johnson move to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the

speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. DISCUSSION

### A. Duplin County Sheriff's Department

Duplin County Sheriff's Department contends that it must be dismissed because a county sheriff's department in North Carolina lacks the capacity to be sued. The court agrees.

State law determines whether a state governmental agency has the capacity to be sued. *See Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (explaining "[u]nless a statute provides to the contrary, only persons in being may be sued" and noting there is no statute allowing suits against police departments); Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located."). In the instant case, there is no North Carolina statute authorizing suits against sheriff's departments. *Cf.* N.C. Gen. Stat. § 58-76-5 (authorizing suits against sheriffs). Courts have routinely found sheriff's departments lack capacity to be sued. *See, e.g., Parker v. Bladen County*, 583 F. Supp. 2d 736 (E.D.N.C. 2008) (concluding that in the absence of a statute authorizing suit against a North Carolina county sheriff's department, Bladen County Sheriff's Department lacks the legal capacity to be sued); *Efird v. Riley,* 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (dismissing claims against

county sheriff's department for lack of capacity); *see also Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), *aff'd,* 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). Plaintiff has not offered any arguments on this point.

Because the Duplin County Sheriff's Department lacks the capacity to be sued under North Carolina law, Defendants' Motion to Dismiss [DE-27] is ALLOWED as to claims against the Duplin County Sheriff's Department, and those claims are DISMISSED.

### B. Duplin County

Defendant Duplin County also moves to dismiss all claims against it, arguing that a county cannot be liable for the acts and omissions of the Sheriff of Duplin County or his deputy sheriffs.

A county may be held liable only for "acts for which the county has 'final policymaking authority.'" *Worrell v. Bedsole*, 110 F.2d 62 (table), 1997 WL 153830 at *5 (4th Cir. 1997) (quoting *City of St. Louis v. Praproptnik*, 485 U.S. 112, 123 (1988)). Whether a county has final policymaking authority in a specific area is a question of state law. *Id.* In North Carolina, "sheriffs have substantial independence from county government." *Parker*, 583 F. Supp. 2d at 739 (internal citations omitted). They are "directly elected, hold office for four-year terms, and are not employed by the Board of County Commissioners." *Id.* The sheriff's "exclusive right to hire, discharge, and supervise the employees in his office" is nondelegable. *Id.* Thus, "the sheriff, not the county encompassing the jurisdiction, has final policymaking authority over hiring, supervising, and discharging personnel in the sheriff's office. . . . [I]n other words, under North Carolina law, a sheriff's deputy is an employee of the sheriff, not the county, and the control of employees hired by the sheriff is vested exclusively in the sheriff." *Id.*

Because Duplin County is not liable for the acts or omissions of the Sheriff of Duplin County or his deputies, Defendants' Motion to Dismiss [DE-27] is ALLOWED as to claims against Duplin County, and those claims are DISMISSED.

## C. Defendant Johnson

Defendant Johnson moves to dismiss, arguing that (1) claims against him are time barred, and (2) Plaintiff fails to allege any improper conduct by Johnson.

"The raising of the statute of limitations as a bar to [a plaintiff's] cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Here, to determine whether Plaintiff's claim is time barred, the court must consider factual matters outside the pleadings—specifically, whether Plaintiff obtained service on Defendant Johnson in his previously dismissed lawsuit. The court need not resolve the statute of limitations issue, however, as it finds Defendant Johnson entitled to dismissal based on his second argument.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or territorial law." *Annapolis Rd., Ltd. v. Hagner*, 966 F.2d 1441 (4th Cir. 1992) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Here, Plaintiff claims Defendant Johnson violated his right to be free from unreasonable searches and seizures. Plaintiff's factual allegations against Defendant Johnson are:

> 21. On or about 27 April 2011, Grady communicated to Johnson and Stokes that Plaintiff had committed Second Degree Trespass, Injury to Real Property, and Injury to trees, Crops, Lands, etc., against Grady's property on Warren Road in Duplin County, North Carolina.
> 22. On or about 30 April 2011, Grady communicated to Johnson and Stokes that Plaintiff had committed another Second Degree Trespass against Grady's property on Warren Road in Duplin County, North Carolina.
> 23. On or about 27 April 2011 and 30 April 2011, Johnson and Stokes presented the information contained in Paragraphs 21 and 22 above to a Magistrate, who then issued Arrest Warrants (Duplin County File Nos. 11-CR-50896, 11-CR-50897, and 11-CR-50925) for Plaintiff.

Compl. [DE-4] ¶¶ 21–23. Plaintiff alleges these actions caused him "to spend nineteen days in jail, pay a bondsman to be set free pending a trial, miss numerous work opportunities, and cause [sic] his reputation to be damaged." *Id.* ¶ 33.

Plaintiff's allegations fail to demonstrate any violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiff alleges merely that Defendant Johnson reported the information related by Defendant Grady to a magistrate judge. The magistrate, apparently finding probable cause, issued an arrest warrant. There is no allegation of wrongful conduct. Plaintiff does not allege, for example, that Defendant Johnson knew or believed that Defendant Grady's statements were untrue, or that Defendant Johnson had an improper motive in seeking the warrant.

Plaintiff notes that the charges arising from this incident were dismissed at the close of the State's evidence. *Id.* ¶ 28. From the State's failure to convict, Plaintiff appears to infer a lack of probable cause to arrest. This inference is faulty. The probable cause standard for issuance of an arrest warrant is far lower than the government's burden of proof beyond a reasonable doubt in a criminal trial. Accordingly, it is unremarkable that the government could meet the first

threshold while falling short of the second. Because Plaintiff fails to allege a constitutional violation, his claim against Defendant Johnson is DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion [DE-27] to dismiss is ALLOWED. Plaintiff's claims against Defendants Duplin County Sheriff's Office, Duplin County, and Johnson are DISMISSED.

Further, the docket in this action does not reflect that service has been obtained upon Defendants Stratton F. Stokes and Blake Wallace within 90 days of the filing of the complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides that the action shall be dismissed without prejudice as to these defendants unless Plaintiff can demonstrate good cause to the court why such service was not made within the prescribed time period. Plaintiff, therefore, is ORDERED to show cause **within fourteen (14) days** of the filing date of this order why Defendants Stokes and Wallace were not timely served in this matter. Failure to show cause within the time allotted will result in dismissal of Defendants Stokes and Wallace without prejudice.

SO ORDERED.

This the 31st day of August, 2016.

*[signature]*
JAMES C. FOX
Senior United States District Judge